**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| | : | |
| JEFFREY MARCUS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 08-5859(KSH) |
| | : | |
| BMW OF NORTH AMERICA, LLC., | : | |
| | : | ORDER ON INFORMAL |
| Defendant | : | APPLICATION |
| | : | |

This matter having come before the Court by way of letter dated August 4, 2009, to resolve certain discovery disputes;[1]

and the Court having considered the submission, claims, defenses, and record of proceedings;

and for the reasons set forth in the Opinion delivered on the record on August 5, 2009;

and for good cause shown,

IT IS ON THIS 5th day of August, 2009

ORDERED that, with respect to BMW NA's Interrogatories No. 5 and 6 and Requests for Production Nos. 29 and 30, no later than **August  28, 2009**, the plaintiff shall provide certified narrative response to the interrogatories and a certification that states that he has conducted a diligent search and has produced all responsive documents in his possession, custody, and

---

[1]As the parties know, the Court declined to stay discovery while the motion to dismiss is pending.  The submission, however, reflects that the plaintiff has agreed to withdraw certain discovery requests "on the understanding that Plaintiff will renew the requests if the Court decides [the pending motion] in Plaintiff's favor."  Joint Submission, dated August 4, 2009 at 9 n. 7.  Because the proceedings have not been stayed, parties who have agreed to forgo pursuing discovery because of the pending motion to dismiss are reminded their decision to do so will not be a basis to request an extension of the pretrial deadlines.

control.  These documents include the documents that his expert has considered in rendering an

opinion.   Nothing herein operates to accelerate the date on which the expert must disclose

his/her report nor does it preclude the expert from considering and producing other documents

that are not now known to the plaintiff.  Said documents identified by the expert shall be

produced on a rolling basis even if they become known before the expert discloses his report;

      IT IS FURTHER ORDERED that, with respect to Plaintiff's Request for Production Nos.

4 and 12, no later than **September 9, 2009**, BMW NA shall produce documents located in its

customer relations data base or make the data base available that reflect customer complaints

about Bridgestone Turanza run flat tires and the tire pressure monitoring system for each of the

model years and models identified in the Amended Complaint for vehicles supplied with

Bridgestone Turanza run flat tires as original equipment.  If a particular model was not equipped

with run flat tires, then the defendant shall produce a certification from a person with knowledge

that so states;

      IT IS FURTHER ORDERED that, with respect to Plaintiff's Request for Production Nos.

9 and 10, no later than **August 28, 2009**, BMW NA shall provide a certification from a person

with knowledge that states under oath that BMW NA lacks the information needed to provide the

number of leased vehicles that had Bridgestone Turanza tires as original equipment or it shall

produce a certification that sets forth the number of vehicles by model and model year that had

Bridgestone Turanza run flat tires as original equipment or explain why such information does

not exist or why it cannot provide such information; and

      IT IS FURTHER ORDERED that, with respect to Plaintiff's Request for Production No.

30, no later than **August 28, 2009**, BMW NA shall produce the portion of its standard franchise

agreement that imposed an obligation on BMW NA to inform the franchisee of defects and/or

customer complaints about the vehicle or its components or provide a certification from a person with knowledge that the agreement has no such clause.

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**